# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MONTIA L. MCCAULEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:13-CV-872 NAB |
| | ) | |
| MICHAEL S. BOWERSOX, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on Petitioner's Motion for Leave to File an Amended Petition for Writ of Habeas Corpus. [Doc. 29.] Respondent has not filed a response. In support of his motion, Petitioner asserts that he has obtained counsel and counsel believes that an amended petition should be filed to "clarify and amplify" the claims raised in his original pro se petition. In addition, Petitioner seeks to add new grounds for relief after being denied leave by the Eighth Circuit Court of Appeals to file a second or successive petition.

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one year time limit for applications for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). Federal habeas proceedings initiated by state prisoners are governed by the Rules Governing Section 2254 Cases in the United States District Courts. *See* Rules Governing Section 2254 Cases in the United States District Courts. Habeas petitions may be amended or supplemented as provided in the rules of procedure applicable to civil actions. 28 U.S.C. § 2242; *see also* Rule 12 Rules Governing Section 2254 Cases in the United States District Courts (federal rules of civil procedure, to the extent that they are not

inconsistent with any statutory provisions or rules governing habeas cases, may be applied in habeas proceedings).

The Federal Rules of Civil Procedure state that the court should freely give leave to amend when justice so requires.[1]  Fed. Rule Civ. P. 15(a)(2).  "Claims in an amended habeas petition filed after the expiration of the one-year limitations period may not be considered if they do not "relate back" to the date of the original habeas petition." *Cross v. Russell*, No. 4:13-CV-316 ACL, 2014 WL 5514387 at *1 (E.D. Mo. Oct. 31, 2014).  Amendments made after the statute of limitations has run relate back to the date of the original pleading if the original and amended pleadings arise out of the conduct, transaction, or occurrence set out- or attempted to be set out- in the original pleading.  Fed. R. Civ. P. 15(c)(1)(B).  In a habeas proceeding, the original pleading to which Rule 15 refers is a petition. *Mayle v. Felix*, 545 U.S. 644, 655 (2005).  "So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Mayle*, 545 U.S. at 664.  The United States Supreme Court has ruled that the relation back doctrine is not so broad as to allow the revival of claims filed outside of the one-year time limit of § 2244 based solely on the fact that they relate to the same trial, conviction, or sentence as a timely filed claim. *Id.* at 662.

In this action, Petitioner has not provided the court with a proposed amended pleading. Petitioner asserts that he is asserting "new claims."  Therefore, the Court is unable to ascertain whether Petitioner's amended pleading would include claims barred under § 2244.  Therefore, the Court will deny Petitioner's motion for leave to file an amended petition.  The Court will

---

[1] Petitioner must seek leave from the Court to amend his petition, because a party may amend a pleading as a matter of course within 21 days after serving it or if a response is required, within 21 days after a responsive pleading. Fed. R. Civ. P. 15(a)(1). Petitioner filed his petition on May 3, 2013 and Respondent filed a response on June 28, 2013. Therefore, Petitioner is beyond the time limits for filing an amended petition without consent of Respondent or leave of court. Fed. R. Civ. P. 15(a)(2).

allow Petitioner ninety (90) days to seek leave to file an amended petition. Petitioner must attach a copy of the proposed amended petition to any motion seeking leave to file an amended petition.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Leave to File an Amended Petition for Writ of Habeas Corpus is **DENIED without prejudice**. [Doc. 29.]

**IT IS FURTHER ORDERED** that Petitioner may file a Motion for Leave to file an Amended Petition for Writ of Habeas Corpus no later than **April 6, 2015**.

**IT IS FURTHER ORDERED** that any request for leave to file an amended petition must be accompanied by a proposed amended petition.

Dated this 5th day of January, 2015.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE