UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MONTIA L. MCCAULEY, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Case No. 4:13-CV-872 NAB |
| MICHAEL S. BOWERSOX, | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Motion for Leave to File an Amended Petition. [Doc. 41.] The Respondent did not file a response and the time to do so has now passed.

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one year time limit for applications for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). Federal habeas proceedings initiated by state prisoners are governed by the Rules Governing Section 2254 Cases in the United States District Courts. *See* Rules Governing Section 2254 Cases in the United States District Courts. Habeas petitions may be amended or supplemented as provided in the rules of procedure applicable to civil actions. 28 U.S.C. § 2242; *see also* Rule 12 Rules Governing Section 2254 Cases in the United States District Courts (federal rules of civil procedure, to the extent that they are not inconsistent with any statutory provisions or rules governing habeas cases, may be applied in habeas proceedings).

The Federal Rules of Civil Procedure state that the court should freely give leave to amend when justice so requires.[1]  Fed. Rule Civ. P. 15(a)(2).  Amendments made after the statute of limitations has run relate back to the date of the original pleading if the original and amended pleadings arise out of the conduct, transaction, or occurrence set out- or attempted to be set out- in the original pleading.  Fed. R. Civ. P. 15(c)(1)(B).  In a habeas proceeding, the original pleading to which Rule 15 refers is a petition.  *Mayle v. Felix*, 545 U.S. 644, 655 (2005).  "So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order."  *Mayle*, 545 U.S. at 664.  The United States Supreme Court has ruled that the relation back doctrine is not so broad as to allow the revival of claims filed outside of the one-year time limit of § 2244 based solely on the fact that they relate to the same trial, conviction, or sentence as a timely filed claim.  *Id.* at 662.

In Petitioner's original Motion for Leave to File an Amended Petition for Writ of Habeas Corpus, Petitioner informed the court that Petitioner was raising new grounds for relief and that he had unsuccessfully attempted to obtain leave to file a second or successive petition with the Eighth Circuit.  [Doc. 29.]  Therefore, Petitioner admitted that these claims are time-barred.  In response, this Court denied Petitioner's original motion without prejudice and directed Petitioner to re-file the motion with a proposed amended petition attached so that the Court could "ascertain whether Petitioner's amended pleading would include claims barred under 28 U.S.C. § 2244."  [Doc. 30.]  The Court's order clearly notifies Petitioner that the Court was concerned with timeliness under § 2244 and whether the time barred claims related back to the claims in the original petition.  [Doc. 30.]  In his current motion, Petitioner criticizes the Court for citing to

---

[1] Petitioner must seek leave from the Court to amend his petition, because a party may amend a pleading as a matter of course within 21 days after serving it or if a response is required, within 21 days after a responsive pleading.  Fed. R. Civ. P. 15(a)(1). Petitioner filed his petition on May 3, 2013 and Respondent filed a response on June 28, 2013. Therefore, Petitioner is beyond the time limits for filing an amended petition without consent of Respondent or leave of court.  Fed. R. Civ. P. 15(a)(2).

relevant and accurate federal law, which included U.S. Supreme Court cases, regarding the timeliness of claims in the proposed Amended Petition. Petitioner accuses the court of attempting to *sua sponte* dismiss Petitioner's proposed claims as time barred. Petitioner was given the opportunity to respond when the Court granted Petitioner leave and additional time to file a second motion for leave to file an amended petition with the direction to attach a proposed amended petition. Therefore, the Court's review of Petitioner's admittedly time barred claims is not *sua sponte*.

In the original Petition for Writ of Habeas Corpus, Petitioner alleged eleven, sometimes repetitious, claims for ineffective assistance of counsel and denial of due process. Petitioner also alleged one claim regarding the actions of the sentencing court. Petitioner asserted that counsel was ineffective for the following reasons:

> (1) Counsel guaranteed that he would receive a minimum sentence of ten years in exchange for a blind plea;
>
> (2) Counsel failed to advocate for Petitioner at sentencing regarding motions to withdraw guilty pleas;
>
> (3) Counsel failed to object and assure there was a factual basis in Counts I and IV, thus his pleas were involuntary and unknowing;
>
> (4) Counsel failed to advocate for Petitioner concerning his promise of ten years on each count of the information;
>
> (5) Counsel left Petitioner at the mercy of the court at sentencing and did not fulfill his promise to argue for ten years on each count of the information;
>
> (6) Counsel did not inform Petitioner of the true nature and elements of the charges before advising him to enter his pleas of guilty;
>
> (7) Counsel failed to investigate and depose the state's witness Kadija Cooper;

(8) Counsel failed to contact and interview potential defense witnesses;

(9) Counsel failed to inform him of the range of punishment and direct consequences of entering a blind plea as a prior and persistent offender before entering his pleas of guilty;

(10) Counsel failed to explain to him the nature of the charges against him in Counts III and VII before encouraging him to plead guilty; and

(11) Counsel failed to explain to him that his liability for Counts III and VII were premised on transferred intent. But for counsel's omission, Petitioner would not have pled guilty.

[Docs. 1, 1-1.] Petitioner also asserts that the convictions and sentences for assault first degree and armed criminal action in Counts III and VII were not lawfully entered or obtained and the plea court violated his rights to due process and equal protection, because the court accepted the guilty pleas without a factual basis for the plea. [Doc. 1.]

The proposed First Amended Petition contains nine grounds for relief. Petitioner asserts five claims of ineffective assistance of counsel and four claims of violation of his rights to due process. Petitioner's five ineffective assistance of counsel claims in grounds I-V of the proposed amended petition are the same or very similar to ineffective assistance of counsel claims made in the original petition. Ground VI, a due process claim, also is the same or relates back to a claim contained in the original petition.

Ground Seven of the proposed First Amended Petition states that Petitioner was denied due process guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution when the State failed to disclose material exculpatory evidence regarding an interview with K.C., in which she stated that she grabbed the bat from the Petitioner who had no intent on assaulting her. The Court finds that this claim was not contained in the original petition

4

and does not relate back to any claims in the original petition. Petitioner did not provide any support for his assertion that this claim related back to a claim in the original petition. Therefore, the Court will deny Petitioner leave to file this claim in an Amended Petition.

Ground Eight of the proposed First Amended Petition states that Petitioner was denied due process when the State failed to plead in the charging document that Petitioner was a prior and persistent offender depriving him of a fair warning of the charges against him resulting in enhanced sentences. The original Petition asserts a claim that counsel was ineffective for failing to inform him of the range of punishment and the direct consequences of entering a blind plea of guilty as a prior and persistent offender before entering his plea of guilty. At first glance, these grounds appear to be similar. But, these claims are distinct. A claim of ineffective assistance of counsel is different than a claim against the State for failing to properly plead essential elements in the information. *See e.g. McKay v. Purkett*, 255 F.3d 660, 661 (8th Cir. 2001) (amended complaint challenging conduct of counsel does not relate back to claims challenging conduct of trial court in post-conviction proceedings). Therefore, the Court will deny Petitioner leave to file an amended petition adding this claim.

In conclusion, Petitioner is granted leave to file an Amended Petition containing Grounds I, II, III, IV, V, VI, and IX of the proposed amended petition.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Leave to File an Amended Petition is **GRANTED in part and DENIED in part**. [Doc. 41.] Petitioner may file an Amended Petition that contains Grounds I, II, III, IV, V, VI, and IX of the proposed amended petition.

**IT IS FURTHER ORDERED** that Petitioner shall file an Amended Petition as detailed above no later than November 24, 2015.

**IT IS FURTHER ORDERED** that Respondent shall show cause, in writing and within forty-five (45) days of the date the Amended Petition is entered, why the relief in the First Amended Petition should not be granted. In accordance with Rule 5(b) of the Rules Governing § 2254 Cases, Respondent's answer shall address the merits of all grounds for relief alleged in the petition. In addition, it must state whether any ground in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations.

**IT IS FURTHER ORDERED** that, if Petitioner chooses to file a reply to Respondent's answer to the petition, the reply shall be filed within sixty (60) days of the date the answer to the petition is filed. If Petitioner fails to timely file a reply, the right to file such a reply shall be waived. *See* Rule 5(e) of the Rules Governing § 2254 Cases.

Dated this 10th day of November, 2015.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE