UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MONTIA L. MCCAULEY, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | Case No. 4:13-CV-872 NAB |
|  | ) |  |
| MICHAEL S. BOWERSOX, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Montia McCauley's First Amended Petition for Writ of Habeas Corpus. [Doc. 45.] Respondent filed a response to the Amended Petition for Writ of Habeas Corpus. [Doc. 46.] McCauley filed a Reply Brief. [Doc. 58.] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). [Doc. 10.] For the reasons set forth below, McCauley's petition for writ of habeas corpus will be denied.

**I.     Background[1]**

McCauley was charged by a felony information in Scott County with seven counts that stemmed from an attack on March 27, 2008 on two female victims with a baseball bat. One victim, D.S., was or had been in a continuing romantic or intimate relationship with McCauley. D.S.'s injuries included a bilateral forearm fracture and intracerebral hemorrhaging due to bilateral frontal and temporal lobe contusions. D.S. subsequently spent weeks in intensive care

---

[1] These facts are taken directly from the Supplemental Memorandum accompanying the Missouri Court of Appeals decision in McCauley's post-conviction appeal motion. *See* Resp't Ex. F. A state court's determination of a factual issue made by a State court shall be presumed to be correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

and was at one point in a coma and ventilated as a result of her injuries. The other victim K.C., is D.S.'s daughter, who was twelve years old at the time. K.C. was struck by McCauley with the baseball bat on her arm.

On June 25, 2009, McCauley appeared with counsel for a plea hearing. The State presented evidence on McCauley's status as a prior and persistent offender, and the plea court found McCauley to be a prior and persistent offender based on evidence of McCauley's guilty pleas on two prior felonies. Before Movant's pleas were accepted, the State advised the court and Movant of the possible ranges of punishment for each charge, and the court advised McCauley as required under Rule 24.02(b), inquiring whether McCauley understood each charge against him or had any questions regarding the charges. McCauley indicated he understood his rights and the charges against him and told the court he had no questions. The State recited its evidence that it contends established McCauley's guilt beyond a reasonable doubt.

Three of the original counts were dismissed by the State, as negotiated in a plea agreement. The State acknowledged that attempts at plea negotiations toward a comprehensive plea agreement had been made, but McCauley was entering an open or blind plea instead of taking the State's offer to recommend twenty-three year sentences. The State reserved the "right to argue for any range of punishment that [it] wished at the time of sentencing."

McCauley acknowledged that the State's evidence was true, that nothing was omitted, misstated, or misrepresented, and that the plea agreement recited by the State was in accord with his understanding. McCauley pleaded guilty to Counts I, III, V, and VII. Count I charged first degree domestic assault and Count V charged felony armed criminal action, both in connection with McCauley's attack on D.S. Count III charged first-degree assault and Count VII charged felony armed criminal action; both charges related to McCauley's attack on K.C. The plea court

accepted McCauley's pleas, ordered a sentencing assessment report, and took the matter under advisement. McCauley was sentenced as a prior and persistent offender to concurrent thirty-year terms of imprisonment on all four counts. (Resp't Ex. B at 75-76.)

McCauley filed a pro se motion to vacate, set aside, or correct the judgment and sentences, pursuant to Rule 24.035, which was later amended. (Resp't Ex. B 79-89, 92-106, 108-184.) An evidentiary hearing was held wherein McCauley and plea counsel testified. (Resp't Ex. A.) The motion court denied McCauley's amended motion. (Resp't Ex. B at 186-200.) McCauley appealed to the Missouri Court of Appels, which denied relief. (Resp't Ex. F.) McCauley filed and later amended a Petition for Writ of Habeas Corpus in this court. [Docs. 1, 45.]

## II. Standard of Review

"The writ of habeas corpus stands as a safeguard against imprisonment of those held in violation of the law. Judges must be vigilant and independent in reviewing petitions for the writ, a commitment that entails substantial judicial resources." *Harrington v. Richter*, 562 U.S. 86, 91 (2011). "In general, if a convicted state criminal defendant can show a federal habeas court that his conviction rests upon a violation of the Federal Constitution, he may well obtain a writ of habeas corpus that requires a new trial, a new sentence, or release." *Trevino v. Thaler*, 133 S.Ct. 1911, 1917 (2013). The Anti-Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 (AEDPA) applies to all petitions for habeas relief filed by state prisoners after this statute's effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 326-29 (1997). In conducting habeas review pursuant to 28 U.S.C. § 2254, a federal court is limited to deciding whether a claim that was adjudicated on the merits in state court proceedings (1) resulted in a decision that is contrary to, or involved an unreasonable application of, clearly established

Federal law, as determined by the Supreme Court, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). A determination of a factual issue made by a state court is presumed to be correct unless the petitioner successfully rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

For purposes of § 2254(d)(1), the phrase "clearly established federal law refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state court decision." *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). "In other words, clearly established federal law under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Id.* at 72. To obtain habeas relief, a habeas petitioner must be able to point to the Supreme Court precedent which he thinks the state courts acted contrary to or unreasonably applied. *Buchheit v. Norris*, 459 F.3d 849, 853 (8th Cir. 2006).

A state court's decision is "contrary to" clearly established Supreme Court precedent "if the state court either 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or 'confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [the] precedent.'" *Penry v. Johnson*, 532 U.S. 782, 792 (2001) (citing *Williams v. Taylor*, 529 U.S. 362, 405–406 (2000)). A state court decision is an unreasonable application of clearly established Supreme Court precedent if it correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case. *Id.* (citing *Williams*, 529 U.S. at 407–408). "A federal habeas court making the unreasonable application inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Penry*, 532 U.S. at

793. "A state court decision involves 'an unreasonable determination of the facts in light of the evidence presented in the state court proceedings,' 28 U.S.C. § 2254(d)(2), only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Evanstad v. Carlson*, 470 F.3d 777, 782 (8th Cir. 2006). A "readiness to attribute error is inconsistent with the presumption that state courts know and follow the law." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). AEDPA's highly deferential standard demands that state court decisions be given the benefit of the doubt. *Id.*

## III. Discussion

McCauley presents seven claims for review. First, he asserts five claims of ineffective assistance of counsel. McCauley states that counsel was ineffective for the following reasons: (1) plea counsel guaranteed McCauley that he would receive a ten year sentence in exchange for a blind plea and threatened him with a substantial sentence if he proceeded to trial; (2) plea counsel failed to effectively advocate for McCauley at sentencing concerning his motions to withdraw guilty pleas; (3) plea counsel failed to object and ensure a factual basis existed for Counts I and IV[2]; (4) plea counsel failed to advocate for an aggregate ten year sentence that he promised McCauley and failed to suggest to the sentencing court any specific sentence of imprisonment; and (5) plea counsel failed to explain to McCauley his liability for Counts III and VII were premised on transferred intent. McCauley also asserts that his due process rights were violated because the plea court accepted his pleas of guilty to Counts III and VII, which did not have a factual basis and the state failed to plead a factual basis for transferred intent in Counts III and VII. Respondent contends that McCauley's claims are either procedurally barred and/or lack merit.

---

[2] The Court notes that Count IV was dismissed and McCauley did not plead guilty to this count.

### A. Procedural Default of Claims I, II, and V

"Ordinarily a federal court reviewing a state conviction in a [§ 2254] proceeding may consider only those claims which the petitioner has presented to the state court in accordance with state procedural rules." *Arnold v. Dormire*, 675 F.3d 1082, 1086 (8th Cir. 2012). "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review is barred." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991). To overcome the default, a defendant must demonstrate either cause and actual prejudice as a result of the alleged violation of federal law, or demonstrate that a failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. 722 at 750. To show cause for the default, defendant must demonstrate that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. *Murray v. Carrier,* 477 U.S. 478, 488 (1986). For example, a defendant could demonstrate that the factual or legal basis for a claim was not reasonably available to counsel or some interference by officials made compliance impracticable. *Id* at 488.

In this case, the Missouri Court of Appeals denied relief on McCauley's claims I, II, and V for failure to comply with Missouri Supreme Court Rule 84.04(d)(1)(B), which requires the movant's points relied on to "state concisely the legal reasons for the appellant's claim of reversible error." (Resp't Ex. F at 5-6.) The appeals court stated that McCauley's points relied upon did not present anything for its review so review was denied. (Resp't Ex. F. at 6.). McCauley contends that his violation of Rule 84.04 is a procedural default that this Court can excuse. McCauley does not dispute that Rule 84.04 is firmly established and regularly followed.

*See Morgan v. Jaovis*, 744 F.3d 535, 538 (8th Cir. 2013). McCauley does not contend that the state-law support for its decision was otherwise inadequate. *Id.* Finally, McCauley's reply brief fails to establish any cause for the acknowledged default, demonstrate actual prejudice, or that failure to consider the claims will result in a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750. Therefore, habeas review is barred for McCauley's claims I, II, and V, which include the following asserted errors: plea counsel guaranteed McCauley that he would receive a ten year sentence in exchange for blind pea and threatened him with a substantial sentence if he proceeded to trial; plea counsel failed to effectively advocate for McCauley at sentencing concerning his motions to withdraw guilty pleas; and plea counsel failed to explain to McCauley his liability for Counts III and VII were premised on transferred intent. The Court will deny relief on these claims.

### B. Ineffective Assistance of Counsel

Next, the Court will review the two remaining ineffective assistance of counsel claims. "The Sixth Amendment recognizes the right to the assistance of counsel because it envisions counsel's playing a role that is critical to the ability of the adversarial system to produce just results." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "An accused is entitled to be assisted by an attorney, whether retained or appointed who plays the role necessary to ensure that the trial is fair." *Id*. To succeed in a claim "that counsel's assistance was so defective as to require reversal of a conviction," a petitioner must establish (1) that the trial counsel's performance fell below an objective standard of reasonableness and (2) that this deficient performance prejudiced the Petitioner's defense. *Strickland*, 466 U.S. at 687-88.

The "performance" component of *Strickland* requires a showing that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688.

7

To satisfy this prong, a petitioner must first identify the specific acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Id.* at 690. The court must then examine the totality of the circumstances in order to determine whether "the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* In making this determination, the court should recognize that trial counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* "Miscues and omissions are inevitable in any case and there is no such thing as a perfect trial." *Medearis v. U.S.*, 469 F.Supp.779, 785 (D.S.D. 2006).

To satisfy the "prejudice" component of *Strickland*, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Such "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* In determining whether prejudice exists, "a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." *Id.* at 695. Further, the court "should presume, absent challenge to the judgment on grounds of evidentiary insufficiency, that the judge and jury acted according to [the] law." *Id.* at 694.

It is important to note that "there is no reason for a court deciding an ineffective assistance claim to approach the [two-pronged] inquiry in [a pre-determined] order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. It is unnecessary, therefore, to prove that counsel's performance fell below an objective standard of reasonableness before determining the presence or absence of resulting prejudice.

8

"Taken together, AEDPA and *Strickland* establish a 'doubly deferential standard' of review." *Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012) (citing *Cullen v. Pinholster*, 563 U.S. 170) (2011)). "First, under *Strickland*, the state court must make a predictive judgment about the effect of the alleged deficiencies of counsel on the outcome of the trial, focusing on whether it is reasonably likely that the result would have been different absent the errors." *Williams*, 695 F.3d at 831 (citing *Strickland*, 466 U.S. at 696)). "To satisfy Strickland, the likelihood of a different result must be substantial not just conceivable." *Id.* Second, under AEDPA, the Court must give substantial deference to the state court's predictive judgment. *Id.* Therefore, "[s]o long as the state court's decision was not "contrary to" clearly established federal law, the remaining question under the "unreasonable application" clause of § 2254(d) is "whether the state court's determination under the *Strickland* standard is unreasonable, not merely whether it is incorrect." *Id.* at 831 (*citing Harrington*, 562 U.S. 86 at 101). This standard is difficult, and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington*, 562 U.S. at 102.

To successfully challenge a guilty plea in a federal habeas petition with an ineffective assistance claim, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "While a guilty plea taken in open court is not invulnerable to collateral attack in a post-conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997). *See Bramlett v. Lockhart*, 876 F.2d 644, 648 (8th Cir. 1989) (Petitioner unable to show coercion

to plead guilty and ineffective assistance of counsel where he indicated at his plea hearing he received no promises as to what his sentence might be).

### 1. Factual Basis for Guilty Plea to First Degree Domestic Assault

McCauley asserts that plea counsel was ineffective for failure to object to the state's factual basis for first degree domestic assault, because the state's recitation did not prove beyond a reasonable doubt all of the essential elements of first degree domestic assault, specifically the element of intent. The post-conviction motion court denied relief on this claim. (Resp't Ex. B at 186-200.) The Missouri Court of Appeals affirmed the denial based on state law that intent can be based on circumstantial evidence and inferred from other evidence. (Resp't Ex. F at 6-7.)

Unless there is a claim of innocence, there is not a federal constitutional requirement that a guilty plea have a factual basis.[3] *See Wabasha v. Solem*, 694 F.2d 155, 157 (8th Cir. 1982). There is no claim of innocence in this case. Federal courts have addressed claims that guilty pleas in state court lacked a factual basis when discussing the knowing and voluntary nature of the plea. *See e.g., Travis v. Lockhart*, 787 F.2d 409, 410 (8th Cir. 1986). A guilty plea results in a defendant's waiver of his constitutional right to trial before a jury or a judge. "Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. U.S.*, 397 U.S. 742, 748 (1970). "The test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Porter v. Lockhart*, 925 F.2d 1107, 1110 (8th Cir. 1991) (citing *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). "A state court may not accept a guilty plea unless the defendant

---

[3] For example, a person entering an *Alford* plea makes an innocence claim. An *Alford* plea allows a defendant to plead guilty acknowledging there is strong evidence of his guilt and there is a likelihood of conviction should he proceed to trial while claiming innocence of the charged offense. *North Carolina v. Alford*, 40 U.S. 25, 37-38 (1970). The state must demonstrate a factual basis for the plea. *Id.* This case is not an Alford plea.

enters it voluntarily and with sufficient understanding of the charge and the likely consequences of the plea." *Schone v. Purkett*, 15 F.3d 785, 789 (8th Cir. 1994). "For a plea to be voluntary, a defendant must have knowledge of the law in relation to the facts." *Bailey v. Weber*, 295 F.3d 852, 855 (8th Cir. 2002). "It is sufficient if the defendant is given notice of the charge or if he in fact knows of and understands that charge." *Easter v. Norris*, 100 F.3d 523, 525 (8th Cir. 1996). A defendant's representations during the plea-taking "carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Ingrassia v. Armontrout*, 902 F.2d 1368, 1370 (8th Cir. 1990).

At the time of McCauley's plea Missouri Revised Statute 565.072[4] stated the following:

> 1. A person commits the crime of domestic assault in the first degree if he or she attempts to kill or knowingly causes or attempts to cause serious physical injury to a family or household member or an adult who is or has been in a continuing social relationship of a romantic or intimate nature with the actor, as defined in section 455.010, RSMo.
>
> 2. Domestic assault in the first degree is a class B felony unless in the course thereof the actor inflicts serious physical injury on the victim or has previously pleaded guilty to or been found guilty of committing this crime, in which case it is a class A felony.

At the plea hearing, the prosecutor made the following recitation regarding the evidence that would be proven at trial.

> At trial the State would anticipate as evidence to prove beyond a reasonable doubt that officers with the Sikeston Department of Public Safety responded to 832 Ruth Street, Apartment B, in Sikeston, Scott County, Missouri on March 27th of 2008. The call was in reference to an assault. And upon arrival they made contact with a couple of witnesses to the assault, and also found the victim, [D.S.], in one of the rooms in the house. They discovered a large amount of blood coming from [D.S.] And she was transported to Missouri Delta Medical Center, and then transported to St.

---

[4] The statute was later amended on August 28, 2012 and another amendment will take effect on January 1, 2017.

> Francis Medical Center. And her injuries included a bilateral forearm fracture, intracerebral hemorrhage consistent with bilateral frontal and temporal lobe contusions. She was admitted to the trauma services and spent a couple of weeks in intensive care and hospital services. She was at one point on a ventilator and also had to have a tube in her throat. After speaking to witnesses to the assault officers discovered that the Defendant, Mr. Montia McCauley had entered the residence on Ruth Street and struck [D.S.] with a baseball bat multiple times in the head, her arms, and throughout her body.
>
> In the process of assaulting [D.S.] he also injured one of her daughters, [K.C.], who was at that time 12 years old. He struck her in the arm with a baseball bat. And [K.C.] also had to go to the hospital and was released after being examined by the hospital. After officers located Mr. McCauley Detective Chris Rataj, with the Sikeston Department of Public Safety interviewed Mr. McCauley on three different occasions. And on the final interview done at Mr. McCauley's request he did admit to assaulting [D.S.] on Ruth Street with a baseball bat. And that would be the State's evidence.

(Resp't Ex. B at 40-41.) After the prosecutor's recitation, McCauley testified that everything in the prosecutor's recitation was true, she did not misstate or misrepresent anything, and she did not leave out anything that should have been included. (Resp't Ex. B at 44.) McCauley also testified that nothing had surprised him during the plea hearing and no one had promised him anything or threatened him in order to get him to enter the pleas of guilty. (Resp't Ex. B at 44-45.) McCauley also stated that he understood the charges. (Resp't Ex. B at 35-36.) McCauley testified that he did not have any questions about the charges and pled guilty to Counts I, II, V, and VII. (Resp't Ex. B at 39-40.) Based on the foregoing, the Court finds that McCauley's contention that his plea was unknowing and involuntary due to the insufficient factual basis of the plea is without merit. The transcript of the plea hearing along with other evidence in the record supports a finding that McCauley's plea was knowing and voluntary. Therefore, counsel

was not ineffective for failing to object to the factual basis of the plea. The court of appeals finding that intent can be inferred by McCauley's actions of deliberately striking the victim with a baseball bat multiple times is not an unreasonable determination of the facts in light of other evidence nor contrary to or an unreasonable application of clearly established federal law. The Court will deny relief on this claim.

### 2. Failure to Advocate at Sentencing

Next, McCauley contends that his plea counsel was ineffective for failure to advocate for him by requesting an aggregate ten year sentence and failed to suggest any specific sentence. During McCauley's sentencing, the prosecutor noted McCauley had been to prison twice and had a federal offense for possession of a firearm as a felon. (Resp't Ex. B at 64.) The prosecutor asked the court to impose consecutive sentences. (Resp't Ex. B at 64.) McCauley's counsel disputed errors in the sentencing assessment report regarding McCauley's education, employment history, and the identity of K.C. as the second victim. (Resp't Ex. B at 57-58.) McCauley's counsel argued that the current charges were the only violent felonies on McCauley's record, he was a high school graduate, and was working at the time of the offense. (Resp't Ex. B at 62.) McCauley's counsel asked for mercy and that the sentences be run concurrently. (Resp't Ex. B at 62, 64.) The sentencing judge sentenced McCauley to 30 years on each count to run concurrently. (Resp't Ex. B at 65.)

Based on the record before this court, McCauley has not shown that his counsel's performance fell below the objective standard of reasonableness. McCauley was being sentenced as a prior and persistent offender. His minimum sentences on Counts I and III were ten years, therefore, his counsel advocating for ten years would have no effect as that was the minimum sentence he would have served anyway. The sentencing court also granted

McCauley's counsel's request that the sentences be run concurrently. Due to the nature of the crime and McCauley's criminal history, his counsel's representation was not outside the wide range of professionally competent assistance expected of counsel. The Court will deny relief on this claim.

### C. Acceptance of Guilty Plea without a factual basis

McCauley next contends that he was denied due process under the Fifth and Fourteenth Amendments to the Constitution, because the plea court accepted his guilty plea without a factual basis. For the reasons stated above, *supra* § III-C-1, the Court finds that there was no federal constitutional violation in the plea court's acceptance of McCauley's guilty plea, which the Court has previously found was knowing and voluntary. To the extent that McCauley seeks the Court's review of the court of appeals' determination that that the state trial court complied with Missouri Supreme Court Rule 24.02(e), the motion is denied. Missouri Supreme Court Rule 24.02(e) provides that "The court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea." "It is not the province of a federal habeas court to reexamine state court determinations on state law questions." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). A mere violation of state law is not cognizable in a federal habeas proceeding. *See Lee v. Norris*, 354 F.3d 846, 847 (8th Cir. 2004.) McCauley alleges that there is no factual basis for his plea, because the record contains no facts regarding his intent. State law defines the elements of state law crimes. *Fenske v. Thalacker*, 60 F.3d 478, 480 (8th Cir. 1995). "A judgment by a state appellate court rejecting a challenge to evidentiary sufficiency is of course entitled to deference by federal courts, as is any judgment affirming a criminal conviction." *Jackson v. Virginia*, 443 U.S. 307, 323 (1979). Missouri courts recognize that "direct evidence of a defendant's intent is rarely available, thus intent is most often proved by

circumstantial evidence and permissible inferences." *State v. Mangum*, 390 S.W.3d 853, 859 (Mo. Ct. App. 2013). The question of whether there is a factual basis for the elements of the first degree domestic assault charge does not present an issue regarding any clearly established Supreme Court precedent, but is purely a state law issue under the circumstances of this case.

### D. Due Process Claim regarding Transferred Intent Liability

For his seventh claim, McCauley states that he was denied the right to due process in violation of the Fifth and Fourteenth Amendments when the state failed to plead in the charging documents a factual basis for transferred intent liability for Counts III and VII. McCauley acknowledges that this claim was not raised in state court and that this procedural default should be excused under *Martinez. v. Ryan*, 132 S.Ct. 1309 (2012) due to ineffective assistance of post-conviction counsel.

In *Martinez v. Ryan*, the Supreme Court held:

> Where under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial, if in the initial review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Martinez v. Ryan,* 132 S.Ct. 1309, 1320 (2012). The Eighth Circuit has held that *Martinez* does not stand for the proposition that the failure to preserve claims on appeal from a post-conviction proceeding can constitute cause. *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012) (citing *Martinez*, 132 S.Ct. at 1320) (holding does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings). Respondent contends that McCauley's claim is time-barred, because it was not raised in state court and it does not relate back to claims in the original timely petition. Further, Respondent contends that

*Martinez* does not apply to claims that are not ineffective assistance of counsel claims. The Court allowed McCauley to add this claim to his Amended Petition. [Doc. 43.]

First, the Court agrees that this claim is time-barred and *Martinez* does not apply, as the case clearly states, "a procedural default will not bar a federal habeas court from hearing a substantial claim of *ineffective assistance at trial*, if in the initial review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez v. Ryan,* 132 S.Ct. at 1320 (emphasis added). This claim is not an ineffective assistance of counsel claim. Second, the claim also lacks substantial merit. At sentencing, McCauley attempted to withdraw his guilty pleas, because he stated that he did not knowingly and intelligently plead to the counts regarding K.C., which appears to be an argument that he did not intentionally injure K.C. (Resp't Ex. B at 52.) In response, the prosecution stated the plea should stand based on the record at the plea hearing and that transferred intent was also a viable theory even if McCauley now stated he did not intend to hit K.C. (Resp't Ex. B at 52-53.) The court denied McCauley's motion based on McCauley's testimony at the plea hearing. (Resp't Ex. B at 53-54.) The Missouri Court of Appeals affirmed the denial based on the testimony at the plea hearing.

As the court has found above, McCauley's plea was knowing and voluntary. The U.S. Constitution provides defendants a fundamental right to be informed of the nature and cause of the accusation against them and this right is "implemented primarily by charging papers which contain the elements of the offense so as to fairly inform a defendant of the charge against which he must defend." *Goodloe v. Parratt*, 605 F.2d 1041, 1045 (8th Cir. 1979). "Due process requirements may be satisfied if a defendant receives actual notice of the charges against him, even if the indictment or information is deficient." *Hulstine v. Morris*, 819 F.2d 851, 864 (8th Cir. 1987). The parties do not dispute that the charging document contains the elements of the

crimes as charged. The plea court and the court of appeals found McCauley's guilty pleas as knowing and voluntary based on McCauley's testimony at the plea hearing. McCauley has failed to show any federal constitutional violation based on the prosecutor's comment (in response to his motion to withdraw) that transferred intent could have been an alternative basis for finding McCauley guilty of Counts III and VII. The Court will deny relief on this claim.

**IV.  Conclusion**

Based on the foregoing, the Court finds that McCauley's request for relief pursuant to 28 U.S.C. § 2254 should be denied. The Court finds that the state court's findings and conclusions regarding McCauley's claims were not contrary to, nor do they involve an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, nor did they result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Further, because McCauley has made no showing of denial of a constitutional right, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson,* 122 F.3d 518, 522 (8th Cir. 1997).

Accordingly,

**IT IS HEREBY ORDERED** the Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.  [Doc. 45.]

**IT IS FURTHER ORDERED** that, for the reasons stated herein, any motion by Montia McCauley for a Certificate of Appealability will be **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Reconsideration is **DENIED**.
[Doc. 44.]

Dated this 30th day of September, 2016.

                                                /s/ Nannette A. Baker
                                          NANNETTE A. BAKER
                                          UNITED STATES MAGISTRATE JUDGE